(46 Misc. Rep. 523.)

### PRESTON v. D'AMBROSIO.

(Supreme Court, Special Term, New York County. March, 1905.)

MORTGAGES—CONSTRUCTION OF INSTRUMENTS—BUILDING AND LOAN CONTRACTS.
    A building and loan contract providing that in case of default by the borrower the lending company may re-enter and repossess the premises; that all sums advanced by it shall become due and payable, and that it shall have power to sell the premises according to law, and be entitled to the rights and remedies of the mortgagee, and any overplus after satisfying the indebtedness shall be paid to the borrower—is in the nature of a mortgage, and subject to foreclosure as such.

Foreclosure action by Charles M. Preston, as receiver of the New York Building Loan Banking Company against Henry E. D'Ambrosio. On demurrer to complaint for want of facts. Overruled.

The instrument sought to be foreclosed is a contract between a building loan company and a borrowing member of such company, whereby the latter undertakes to purchase real estate and enter into possession thereof, and agrees to pay taxes and a monthly sum as rental during a period regarded as sufficient to mature his contract and pay the purchase price, after which he is to receive from the company a deed to the premises. It provides that in case of default the company may re-enter and repossess the premises; that all sums advanced by it shall become due and payable, and that it shall have the power to sell the premises according to law, and shall be entitled to the rights and remedies of a mortgagee, and shall pay to the borrowing member all overplus after satisfying the indebtedness and necessary expenses out of proceeds of sale.

Charles W. Dayton, for plaintiff.
Otto H. Droege, for defendant.

McCALL, J. The instrument which is the basis of this litigation is certainly a peculiar one, and on first or casual reading of same would undoubtedly incline one's mind to the belief that the procedure herein instituted was erroneous. The covenant in this instrument, which vouchsafes the right of re-entry or repossession by the party of the second part named therein upon default of party of the first part as to any of the covenants, has larger and wider scope than the mere granting of possession upon breach, and resulting rights upon a default, and imposes the responsibility of sale

of the premises, to the end that, through a proper accounting, the actual interests of these parties or their assigns or successors may be determined and properly adjusted.   It cannot be said, therefore, that an unqualified title remained in plaintiff, and such an accounting as is called for cannot be had in summary proceedings, while an ejectment suit could only result in negativing or granting the plea for possession merely.   Under all the circumstances it must be said that the instrument partakes of the nature of a mortgage, and the proceedings instituted are proper.   Demurrer overruled. Reasonable time to defendant to answer, and, under the circumstances, no costs.

Demurrer overruled; no costs.